UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLACKSTONE INTERNATIONAL, LTD., a Maryland Corporation,<br><br>Plaintiff,<br><br>v.<br><br>E2 LIMITED, a Hong Kong company; COLLIN CARPENTER, individually and on behalf of his marital community; BIG BOX SALES & MARKETING, INC.; a Washington corporation; TECHNOMATE MANUFACTORY, LTD.,<br><br>Defendants. | CASE NO. C20-1686-RSM<br><br>ORDER GRANTING EXPEDITED JOINT MOTION, STAYING DISCOVERY DEADLINES AND STRIKING TRIAL DATE |

## I.     INTRODUCTION

This matter is before the Court on the parties' LCR 37(a)(2) Expedited Joint Motion Re: Plaintiff's Discovery Requests to Defendants ("Expedited Motion"). Dkt. #88. Defendants E2 Limited ("E2"), Collin Carpenter ("Carpenter"), and Technomate Manufactory, Ltd. ("Technomate") request that the Court stay discovery while Defendants' motions to dismiss are pending. Plaintiff Blackstone International, Ltd. ("Blackstone") opposes the request and argues that a stay will preclude Plaintiff from complying with the current case schedule. Having

ORDER – 1

reviewed the matter, the Court agrees with Defendants and stays discovery pending this Court's ruling on Defendants' motions to dismiss.

## II.     BACKGROUND

This action was originally filed in state court against only "Doe" defendants on February 19, 2020. *See* Dkt. #19 at Ex. 1. On November 10, 2020, Plaintiff filed its First Amended Complaint (the "Complaint") in King County Superior Court naming Defendants E2, Carpenter, and Technomate. *See* Dkt. #1 at Ex.1.

On November 16, 2020, Defendants removed the Complaint to this Court. *See* Dkt. #1. On January 19, 2021, Defendants filed three separate motions to dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(6): (1) Defendant Technomate filed a Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction [Dkt. #21] ("Technomate's Dismissal Motion"); (2) Defendant Carpenter filed a Motion to Dismiss, Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. #22, as corrected by Dkt. #32] ("Carpenter's Dismissal Motion"); and (3) Defendant E2 filed a Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction, and in the Alternative, to Compel Arbitration [Dkt. #24] ("E2's Dismissal Motion").

On March 26, 2021, Plaintiff filed its opposition briefing to the three pending motions. *See* Dkts. ##47–54. And Defendants filed their reply briefing on April 23, 2021. *See* Dkts. ##66–74. The three pending motions have been fully briefed and pending for decision since April 23, 2021.

In their motions to dismiss, Defendants argued that Plaintiff should not be allowed any discovery, including "jurisdictional discovery," prior to the Court rendering decisions on the Three Pending Motions. *See* Technomate's Dismissal Motion [Dkt.#21] at 12 n.3; Carpenter's Dismissal Motion [Dkt.#22] at 24 n.14; E2's Dismissal Motion [Dkt.#24] at 14 n.3. Plaintiff disputes Defendants' arguments. The Court has not yet ruled on the three pending motions.

ORDER – 2

Trial is currently scheduled for December 5, 2022 and discovery is to be completed by August 8, 2022. Dkt. #87.

Defendants now seek a stay of discovery pending resolution of three motions to dismiss. Dkt. #88.

### III. DISCUSSION

**A. Legal Standard**

A district court has wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). While a pending motion to dismiss does not ordinarily warrant a stay of discovery, a stay may be appropriate where issues of jurisdiction or immunity are raised in the dispositive motion. *See Williams v. Sampson*, No. C17-0092-JCC, 2017 WL 1330502, at *1 (W.D. Wash. Apr. 11, 2017) (citing *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). Further, the Court "has the inherent authority to control its own docket and calendar." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000)

Defendants argue that two of the Three Pending Motions are based on lack of personal jurisdiction and that those jurisdictional issues be decided first before proceeding with discovery. Defendants further argue that burdening Defendants with discovery before the Court rules on personal jurisdiction and the sufficiency of Plaintiff's pleadings would be improper and prejudicial to Defendants.

Plaintiff's sole argument is that a stay would be unfair and prejudicial because a stay will hinder Plaintiff from complying with the requirements of the current case schedule. *See* Dkt. #87. Plaintiff does not provide any other reason for why it must conduct discovery before the Court issues a decision on the motions to dismiss.

Here, given the nature of the arguments raised in two of Defendants' motions to dismiss and that Plaintiff's sole concern is meeting discovery deadlines which the parties can seek to

ORDER – 3

reset, the Court finds that a stay of discovery is warranted an in the interests of judicial economy. If the motions to dismiss are denied in whole or in part, discovery will proceed.

### IV.     CONCLUSION

Pursuant to the parties' Expedited Motion, and the Court finding good cause, the parties' Expedited Motion is hereby GRANTED. The Court's previous scheduling order dated November 5, 2021, Dkt. #87, is hereby VACATED and all discovery-related and pretrial deadlines are STAYED and the trial date is STRICKEN pending resolution of the Defendants' respective Motions to Dismiss.

DATED this 22nd day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4