UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLACKSTONE INTERNATIONAL, LTD.,

    Plaintiff,

v.

E2 LIMITED; COLLIN CARPENTER; BIG BOX SALES & MARKETING INC.; and TECHNOMATE MANUFACTORY, LTD.,

    Defendant.

C20-1686 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Defendants' second motion to dismiss, docket no. 98, is DENIED. In their motion, Defendants move to dismiss the second, fourth, and fifth causes of action in the second amended complaint. Those causes of action are, respectively, common law unfair competition, violations of the Lanham Act (15 U.S.C. § 1125), and violations of the Washington Consumer Protection Act (RCW 19.86, *et seq*.)("CPA"). Second Am. Compl. ("SAC") ¶¶ 147, 199, 261.

MINUTE ORDER - 1

(2)     Regarding Plaintiff's Lanham Act claim,[1] Defendants argue that Plaintiff has not adequately alleged secondary meaning for its trade dress to satisfy the Lanham Act. *See* Resp. at 10 (docket no. 105 at 18). The operative complaint is filled with allegations that Plaintiff's fans enjoy secondary meaning in the marketplace. *See* SAC ¶¶ 84, 108, 111, 119–120,133 135, 208, 211, 227, 257. Indeed, if these averments were not enough, Plaintiff also has pleaded that Defendants intentionally copied Blackstone's designs, *see* SAC ¶¶ 119–120, 227, and "courts have held that evidence of deliberate copying establishes a prima facie case of secondary meaning." *Fryer v. Brown*, 2005 WL 1677940, at *3 (W.D. Wash. July 15, 2005).

(3)     Defendants argue that Plaintiff's designs are functional, which would prevent coverage under the Lanham Act. This argument attempts to contradict the complaint. *See, e.g.,* SAC ¶ 116 ("[The] trade dress as embodied in the packaging, overall design, louver system, grill, arched top form, control panel layout, control panel and icons, logo application, cylindrical stock, base, fit, and finish of the Blackstone Tower Fan . . . have acquired secondary meaning, and is *not functional*." (emphasis added)). Plaintiff also adequately alleges the non-functional, aesthetic advantages that these features provide. *See* SAC ¶ 217; *see also Mosaic Brands, Inc. v. Ridge Wallet LLC*, 2021 WL 922074, at *4 (C.D. Cal. Jan. 7, 2021).[2]

(4)     Defendants also contest Plaintiff's false designation of origin theory under the Lanham Act. As to this theory, Plaintiff must allege that "the defendant (1) used in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics." *Nw. Univ. v. King Cnty.*, 2021 WL 326975, at *3 (W.D. Wash. Jan. 14, 2021). Defendants only contest the second element in this test.[3] Mot. at 12–13. Here, Blackstone alleges that Defendants manufactured and/or distributed fans that Defendants labeled as "Distributed by Blackstone International Ltd." See SAC ¶¶ 201–213. Plaintiff also alleges that Defendants "falsely, wrongfully, improperly, and without authorization" used Plaintiff's labeled customer service information and warranty cards. *Id.* at ¶ 213.

---

[1] The test for determining unfair competition is the same as it is for considering infringement of an unregistered mark or trade dress. *Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs.*, LLC, 845 F.3d 1246, 1249 (9th Cir. 2017). (docket no. 98).

[2] Regardless, arguments concerning functionality are better left for summary judgment or trial. *See Loops, LLC v. Amercare Products, Inc.*, 636 F. Supp. 2d 1128, 1136 (W.D. Wash. 2008) (holding that trade dress functionality is a "heavily fact-intensive" inquiry); *see also Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, 963 F.3d 859 (9th Cir. 2020) (discussing functionality on a post-trial appeal).

[3] Defendants also argue that Plaintiff's complaint lacks allegations about intent, but "[i]n a false designation claim, . . . intent or knowledge is not a required element." *Sebastian Int'l, Inc. v. Russolillo,* 186 F. Supp. 2d 1055, 1069 (C.D. Cal. 2000)

MINUTE ORDER - 2

(5)     Finally, Defendants arguments for a fair use defense present questions of fact that are not appropriate on a motion to dismiss. *See Arrowood Capital, Inc. v. Freedom Healthcare of Am.*, 2021 WL 4353271, at *5 (C.D. Cal. July 9, 2021) ("it is very rare for a court to decide fair use at the motion to dismiss stage."); *see also Wright v. Colvin*, 2013 WL 1788493, at *4 (E.D. Wash. Apr. 26, 2013).

(6)     Concerning the CPA, Defendants argue that this claim is indelibly linked to Plaintiff's Lanham Act claim because Plaintiff has no other sufficient allegation concerning public harm. The Court agrees. Besides its Lanham Act claim, the operative complaint alleges no other public harm that would satisfy the CPA. But Plaintiff adequately alleges its Lanham Act claim, which, in turn, satisfies the CPA's public harm requirement. *See Nat'l Prods. v. Arkon Res., Inc.*, 294 F. Supp. 3d 1042, 1049–50 (W.D. Wash. 2018).

(7)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 13th day of March, 2023.

                                                Ravi Subramanian
                                                Clerk

                                                s/Laurie Cuaresma
                                                Deputy Clerk

MINUTE ORDER - 3